# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY H., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 18-1675 |
| ANDREW M. SAUL, Commissioner of Social Security, | * |
| Defendant.[1] | * |

## MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND

Plaintiff Timothy H. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

# I

## **Background**

On February 13, 2017, Administrative Law Judge ("ALJ") Kerith Cohen held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 38-66. The ALJ thereafter found on April 5, 2017, that Plaintiff was not disabled from his alleged onset date of disability of February 1, 2014, through the date of the ALJ's decision. R. at 11-31. In so finding, the ALJ found that Plaintiff had moderate limitation in concentrating, persisting, or maintaining pace. R. at 18.

> [Plaintiff] alleges difficulty concentrating, and some of his mental status exams show that he has poor concentration/attention span. Other mental status exams, however, show that he has fair concentration/attention span and intact cognitive function. [Plaintiff's] activities have also involved concentrating, persisting, or maintaining pace. Records indicate that he reads, practices music, does household chores, handles money, and can care for his personal needs without problem.

R. at 18 (citations omitted).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations: He can occasionally climb ladders, ropes, and/or scaffolds. He must avoid extreme heat, extreme cold, humidity, fumes, odors, dusts, gases, and poor ventilation. He can understand, remember, and apply information sufficiently to perform simple tasks. He can maintain concentration, [persistence], and pace sufficiently to perform simple, routine, and repetitive tasks. He is able to adapt and manage himself sufficiently to make simple decisions and occasionally exercise independent judgment skills. His work should be performed largely isolated from the general public, working with things rather than people, and involve no tandem tasks or teamwork with coworkers. He can tolerate occasional interaction with supervisors while performing work tasks.

R. at 19.³  In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work as a baker, Plaintiff could perform other work, such as an order picker or office cleaner.  R at 26-27.  The ALJ thus found that Plaintiff was not disabled from February 1, 2014, through April 5, 2017.  R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on June 7, 2018, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

---

³ "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Among Plaintiff's arguments is his contention that the ALJ "erred by not performing or even referencing a function-by-function determination of the extent of [his] impairments and limitations as to how they will affect his ability to work and remain on task, particularly given the RFC finding of 'moderate limitations in concentrating, persisting and maintaining pace.'" Pl.'s Mem. Supp. Mot. Summ. J. 19, ECF No. 12-1 (emphasis removed). According to Plaintiff, the ALJ "simply noted that [he] was relegated to simple, routine, repetitive tasks, simple decisions and occasional judgment, which . . . is NOT sufficient to account for time off task by a claimant due to impairments and limitations." *Id.* (emphasis removed). For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for

the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

The Court remands this case because the ALJ's finding that Plaintiff can maintain concentration, persistence, and pace sufficiently to perform simple, routine, and repetitive tasks, with occasional interaction with supervisors while performing work tasks (R. at 19, 61-62), does not account for his moderate limitations in concentrating, persisting, or maintaining pace. *See Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); *Mascio*, 780 F.3d at 638; *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Juanashe C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-18-2909, 2019 WL 3208682, at *4-6 (D. Md. July 16, 2019). Rather, the ALJ "failed to explain whether Plaintiff's moderate limitations in concentration, persistence, and pace affected his ability to perform work-related tasks consistently throughout an 8-hour workday." *Keith W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2391, 2019 WL 3945481, at *3 (D. Md. Aug. 20, 2019); *see Fletcher*

9

*v. Berryhill*, No. 3:17-cv-00516-RJC-DSC, 2018 WL 3873592, at *3 (W.D.N.C. Aug. 15, 2018) ("'Sustain attention long enough to complete simple tasks' does little more than limit a plaintiff to simple tasks. After all, a claimant must be able to 'sustain attention long enough to complete simple tasks' in order to be eligible for a limitation of simple, routine, repetitive tasks."). "[T]he ALJ provided no specific analysis regarding [her] reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks he is asked to perform." *Antonio M. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3839, 2019 WL 4162668, at *3 (D. Md. Sept. 3, 2019). Although Defendant contends that the error is harmless (Def.'s Mem. Supp. Mot. Summ. J. 15, ECF No. 13-1),

> [t]he Court cannot classify the error as harmless because the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of [Plaintiff's] limitations, the Court cannot find that the RFC provides an accurate description of the work that [she] is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how [Plaintiff's] limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties.

*Lawson v. Berryhill*, Civil No. TJS-17-0486, 2018 WL 1135641, at *5 (D. Md. Mar. 1, 2018).

The Court also notes that the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Although "[t]he ALJ concluded that [Plaintiff] could perform 'medium work' and summarized evidence that [she] found credible, useful, and consistent," the ALJ "never explained how [she] concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by 'medium work,' such as lifting up to 50

pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours." *Woods*, 888 F.3d at 694 (citing SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)). Rather, the state agency medical consultants "concluded that [Plaintiff] could lift up to 50 pounds . . . , but failed to explain *how* [they] arrived at that specific number. The same is true of [their] conclusion that [Plaintiff] can sit or stand for six hours in an eight-hour workday." *Id.* at 695. "The ALJ therefore failed to build an 'accurate and logical bridge' from the evidence [she] recounted to [her] conclusion about [Plaintiff's RFC]," despite giving "significant weight" to the opinions of the state agency medical consultants (R. at 22, 75-77, 90-92, 108-10, 125-27). *Id.* at 694; *see Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) ("The ALJ also relied on the opinions of the state agency psychiatrist and psychologist, but they had reviewed only part of [the claimant's] psychiatric treatment records. They did not have the benefit of reviewing [the treating psychiatrist's] treatment records—the records did not exist at the time. . . . Although an ALJ may give weight to consultative opinions, here, the ALJ did not adequately explain why the reviewers' opinions were entitled to greater weight than those of [the] treating psychiatrist . . . ."). Remand is thus also warranted in this case for the ALJ to include a narrative discussion describing how the evidence supports the ALJ's conclusion regarding Plaintiff's RFC. *See Monroe*, 826 F.3d at 190-91.

Last, the Court notes that a limitation to simple, routine, and repetitive tasks may be inconsistent with the performance of the jobs of order picker and office cleaner identified by the VE. R. at 63. According to the *Dictionary of Occupational Titles*[6] (the "DOT"), the jobs of

---

[6] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information

order picker and office cleaner involve a DOT reasoning level of two. *See* DOT 922.687-058, 1991 WL 688132 (listed as "laborer, stores"); DOT 358.687-010, 1991 WL 672957 (listed as "change-house attendant"). Appendix C of the DOT, 1991 WL 688702, states that level-two reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

"The Fourth Circuit has found that an apparent conflict exists between a limitation to 'short, simple instructions' and a Reasoning Level of 2." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-3447, 2019 WL 3935376, at *4 (D. Md. Aug. 20, 2019) (citing *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019); *Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. 2018) (per curiam)). However,

> because this case is being remanded on other grounds, the Court need not decide if the limitation to "simple, routine, and repetitive tasks" is analogous to the limitation in *Thomas* to "short, simple instructions," 916 F.3d at 313. However, on remand, the ALJ can consider whether an apparent conflict may exist, and whether an explanation should be elicited from a VE to explain any apparent conflict.

*Geraldine S.*, 2019 WL 3935376, at *4. Because the Court determines that the ALJ did not properly evaluate Plaintiff's limitations in concentrating, persisting, or maintaining pace, the Court need not address Plaintiff's other arguments. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763 n.3 (W.D. Va. 2002) (on remand, ALJ's prior decision has no preclusive effect as it is vacated and new hearing is conducted *de novo*).

---

contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 10, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge